UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOMMY LEE GISSENDANNER,

                Plaintiff,

v.                              Case No. 3:05-cv-405-J-25MCR

DEPUTY MICHEAL HOWARD, et al.,

                Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff Tommy Lee Gissendanner, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 22, 2005, in the United States District Court for the Northern District of Florida. This case was transferred to this Court for further proceedings on May 2, 2005.

    On the civil rights complaint form, Section IV.C. states the following: "Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" There are parenthetical areas to mark either yes or

no. Plaintiff marked yes; however, he failed to list all of his cases. Within the Complaint form, Plaintiff was notified: "NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." See Complaint at 5. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statement of facts including all continuation pages are true and correct."

The Court takes judicial notice of Plaintiff's previous filings in this Court: Case No. 5:04-cv-52-Oc-10GRJ (Middle District of Florida), and Case No. 5:04-cv-492-Oc-10GRJ (Middle District of Florida). With regard to Case No. 5:04-cv-52-Oc-10GRJ, Plaintiff failed to completely provide the information requested on the form. It is also noteworthy that Plaintiff failed to list his state court case (Case No. 03-2073-CA-K, filed in the Fifth Judicial Circuit in and for Marion County, Florida) and failed to completely provide the information requested on the form with respect to the state court case.[1]

This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that

---

[1] The Court noted that the "[t]he allegations in Plaintiff's state court case are identical to those in the instant case." See Case No. 5:04-cv-52-Oc-10GJR, Order of Dismissal (Doc. #5), filed March 25, 2004, at 1 n.1.

- 2 -

Plaintiff must conform to acceptable standards in approaching this Court. This Court will not tolerate incomplete or false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has improperly responded to Question IV.C. and failed to describe each action on the civil rights complaint form in Section IV., entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act of 1995. Specifically, prisoners proceeding *in forma pauperis* are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See Prison Litigation Reform Act of 1995, Section 804; 28 U.S.C. §

1915(g)[2]. For these reasons, it is imperative that Plaintiff comply with the instructions of the civil rights complaint form.

It is also noteworthy that Plaintiff has stated that he did not "have the time or opportunity to file a grievance concerning the matter." Complaint at 4. On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In

---

[2] This section is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

> In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
> > (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
> 159 F.3d at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir. 1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain[.]" Id. at 1210.

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.

Therefore, for the above-stated reasons, this case will be dismissed without prejudice to allow Plaintiff to submit the grievances with respect to the claim he has presented to this Court and to give Plaintiff the opportunity to refile a civil rights case in this Court, providing the above-described information with regard to previously-filed cases and to specifically describe how the named Defendant violated his federal constitutional rights. It is also noteworthy that if Plaintiff refiles, he should include, as previously-filed cases, any cases that have been filed prior to his initiation of the new case.

In refiling, Plaintiff should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form and must fully exhaust all available administrative grievance procedures. As previously stated, these grievances and responses are helpful in assisting the Court with the issues presented in the Complaint. Plaintiff's case should not have been filed without first exhausting his available administrative remedies with respect to the issues presented in the Complaint.

Accordingly, it is now

**ORDERED:**

1. The **Clerk of the Court** shall send Plaintiff a Civil Rights Complaint form and an Affidavit of Indigency form. If Plaintiff elects to refile his claims in a separate action after fully exhausting each claim against each Defendant, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

2.  This case is hereby **DISMISSED** without prejudice.

3.  The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7 day of May, 2005.

UNITED STATES DISTRICT JUDGE

sc 5/5
c:
Tommy Lee Gissendanner